IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FELICIA DANIELS, | } |
| Plaintiff, | } |
| | } CIVIL ACTION NO. |
| v. | } 04-AR-1398-S |
| CITY OF BIRMINGHAM, | } |
| Defendant. | } |

**MEMORANDUM OPINION**

Before the court is the motion for summary judgment of defendant, the City of Birmingham ("the City"). Plaintiff, Felicia Daniels ("Daniels"), is suing the City for violation of Title VII, as amended by the Pregnancy Discrimination Act (Count One), and for violation of 42 U.S.C. § 1983 (Count Two). Because one or more genuine issues of fact exist as to whether Birmingham unlawfully discriminated against Daniels on account of her pregnancy when it did not hire her, the motion is due to be denied as to Daniels' Title VII claim. The motion is due to be granted as to the § 1983 claim.

*Summary Judgment Facts*

In June 2003, Daniels applied for a property control clerk position within the Birmingham Police Department. Daniels was certified to the police department personnel-hiring division. Officer Kista Smith ("Smith") called Daniels on the telephone to extend to her a conditional offer of employment in July 2003. The conditions of the offer were passing polygraph and medical

examinations.  Sergeant Hicks ("Hicks") also spoke to Daniels about the offer of employment on the telephone.

The "undisputed" facts very nearly end there.  Daniels, according to her affidavit, accepted the City's conditional offer of employment on the telephone.  She testifies that she called back several days later to inform hiring personnel that she was pregnant.  Hicks told her at that point that she could not be pregnant in the property control clerk position, and sent her a waiver of consideration form.  When Daniels failed to return this form, Hicks sent her a letter stating that she had rejected the offer.

The City's version of events is markedly different. According to affidavits it submitted, Daniels never accepted the job offer.  Instead, she asked about delaying acceptance of the conditional offer until after the birth of her child because she was worried about getting hurt on the job while she was pregnant. It was in response to Daniels' voluntary request, according to the City's evidence, that Hicks sent her a waiver of consideration form.  According to the City, it did not hire Daniels because she: (1) never accepted its conditional offer; (2) did not take medical and polygraph examinations that were conditions of acceptance; (3) asked for a waiver to be considered for job openings after her pregnancy but did not return a waiver of service form to be so considered; and (4) did not communicate with anyone at the police department regarding a present desire

to be hired following the initial conditional offer of employment.  According to the City, pregnancy does not disqualify an individual from holding a property control clerk position, and it was Daniels, not the City or any of its agents, that made pregnancy an issue in Daniels' hiring process.

*Analysis*

Pregnancy Discrimination Act Claim

This is not a case where the applicable law is in dispute.  If Daniels' version of events proves true, it is apparent that the City's conduct violated the Pregnancy Discrimination Act.  On the other hand, if the City convinces the jury that its version is true, or more precisely if Daniels fails to prove her version by a preponderance of the evidence, it is equally clear that the City is entitled to judgment.  At this stage of the proceedings, the court's limited role is to ensure that substantial evidence supports Daniels' version of the facts.  The court cannot weigh evidence or endeavor to decide whose version of events is likely closer to the truth.  Because Daniels' version is supported by evidence, genuine issues of fact exist and summary judgment must be denied as to the Pregnancy Discrimination Act claim.[1]

Section 1983 Claim

Daniels' invocation of § 1983 fails as a matter of law because

---

[1] The court notes that the City failed to reply to Daniels' opposition to its motion for summary judgment.  While this is not an outright concession that genuine issues of fact exist, the City did nothing to demonstrate that the issues raised by Daniels are either insubstantial or immaterial.

she has failed to identify any official policy or custom of the City of Birmingham upon which to ground liability for violation of her Fourteenth Amendment right to equal protection of the laws. It is well established that a municipality is not liable for the constitutional violations of its employees on the basis of *respondeat superior*. *Monell v. Dept. of Social Services*, 463 U.S. 658 (1978). Therefore, assuming *arguendo* that Hicks or some other employee of Birmingham engaged in conduct that violated Daniels' constitutionally protected right, Hicks is not a final policymaker for the City with regard to hiring decisions, nor is there any evidence that the City has an official policy or custom of discriminating against pregnant women. *See Pembaur v. City of Cincinatti*, 475 U.S. 469, 477 (1986). The City is entitled to judgment as a matter of law on the § 1983 claim.[2]

*Conclusion*

The City's motion for summary judgment is due to be granted in part and denied in part. A separate and appropriate order will be entered.

---

[2] The court notes that Daniels appears to have abandoned her § 1983 claim. In her opposition to the City's motion for summary judgment, there is no reference to her § 1983 claim and no rebuttal to the City's argument. Additionally, the court notes that, contrary to the suggestion of Daniels' complaint, there is no "right to **property**...secured...by the **Equal Protection Clause**." Complaint ¶ 21 (emphasis added). To the extent this line in the complaint is intended to invoke the Due Process Clause of the Fourteenth Amendment, Daniels has utterly failed to support the existence of any property right that she had to the property control clerk position in question.

DONE this 25th day of August, 2005.

                                            _____
                                            WILLIAM M. ACKER, JR.
                                            UNITED STATES DISTRICT JUDGE